1  LOUIS A. KARASIK (State Bar No. 100672)
   lkarasik@alston.com
2  NICOLE C. RIVAS (State Bar No. 179337)
   nrivas@alston.com
3  **ALSTON & BIRD, LLP**
   333 South Hope Street
4  Sixteenth Floor
   Los Angeles, California 90071
5  Telephone: (213) 576-1000
   Facsimile: (213) 576-1100
6
7  GLEN P. BELVIS (Admitted *Pro Hac Vice*)
   gbelvis@brinkshofer.com
8  MEREDITH MARTIN ADDY (Admitted *Pro Hac Vice*)
   maddy@brinkshofer.com
9  KELLY EBERSPECHER (Admitted *Pro Hac Vice*)
   keberspecher@brinkshofer.com
   **BRINKS, HOFER, GILSON & LIONE**
10 455 North Cityfront Plaza
   Chicago, Illinois 60611-5599
11 Telephone: (312) 321-4200
   Facsimile: (312) 321-4299
12
   Attorneys for Defendant
13 SANDOZ INC.

14            **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
15

16 | AVENTIS PHARMA S.A. and AVENTIS PHARMACEUTICALS, INC., | Case No.: CV 06-4858, 07-2558 MRP (PLAx) |
17 |                           |                           |
   | Plaintiffs,               | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR A DETERMINATION OF AN EXCEPTIONAL CASE AND AWARD OF ATTORNEY FEES AND NON-TAXABLE COSTS** |
18 | v.                        |                           |
19 | SANDOZ INC.,              |                           |
20 | Defendant.                |                           |
21 |                           | **[35 U.S.C. § 285, Fed. R. Civ. P. 54]** |

22 | Date:    | To Be Determined |
23 | Time:    | To Be Determined |
   | Ctrm:    | 12               |
24
25                    Honorable Mariana R. Pfaelzer
26 | Filing Date:     | August 4, 2006 |
   | Trial Date:      | None Set       |
27 | Discovery Cut-off: | None Set     |
   | Motion Cut-off:  | None Set       |
28

LEGAL02/31348408v2

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND & STATUS OF LITIGATIONS ................................... 2

       A.    The *Amphastar* Case ..................................................................... 2

       B.    The *Sandoz 2006 Injection* Case ................................................. 2

       C.    The *Sandoz 2007 Vial* Case ......................................................... 3

III.   PROCEDURAL HISTORY OF *AVENTIS ENOXAPARIN* CASES ................... 3

       A.    The *Amphastar* Case ..................................................................... 3

       B.    *The Sandoz 2006 Injection* Case ................................................. 4

       C.    The *Sandoz 2007 Vial* Case ......................................................... 7

IV.    ARGUMENT ............................................................................................ 10

       A.    Legal Standard ............................................................................. 10

       B.    Sandoz is a "Prevailing Party" under Section 285 ....................... 11

       C.    Aventis's Inequitable Conduct Before the USPTO Makes
             This Case Exceptional .................................................................. 11

       D.    Aventis's Aggressive Strategy of Filing and Maintaining
             These Law Suits After Findings of Inequitable Conduct Is
             Exceptional ................................................................................... 14

             1.    Aventis's Continued Pursuit of the *Sandoz 2006
                   Injection* Case Was Exceptional ....................................... 15

             2.    Aventis Improperly Filed the *Sandoz 2007 Vial* Case
                   *After* Its Patents Were Held Unenforceable .................... 16

             3.    Aventis's False Assertions in the *Sandoz 2007 Vial*
                   Case Warrant a Finding of an Exceptional Case ............... 17

       E.    Aventis Vexatiously Multiplied Proceedings By Filing and
             Maintaining Two Identical Suits ................................................... 19

LEGAL02/31348408v2

F.    The Court Should Exercise Its Discretion To Award Reasonable Fees ........................................................................ 20

      1.    The Filing and Pendency of Aventis's Complaints Posed Substantial Harm to Sandoz and the Public ......................... 21

      2.    Aventis's Promises to Terminate the 30-Month Stay During Pendency of Aventis's Cases Proved to be Illusory ......................................................................................... 22

      3.    Moreover, Aventis Never Made this Promise to the FDA. ............................................................................................ 23

V.    SANDOZ'S FAIR ESTIMATE OF ITS REASONABLE ATTORNEY FEES AND NON-TAXABLE COSTS IN DEFENDING AVENTIS'S MULTIPLE SUITS ................................................ 23

VI.   CONCLUSION ................................................................................ 24

LEGAL02/31348408v2

1

2

**Cases**

3

*AGFA Corp. v. Creo Prods. Inc.,*

4

    451 F.3d 1366 (Fed. Cir. 2006) ........................................................13

5

*Aventis Pharma S.A. v.Amphastar Pharms, Inc.,*

6

    176 Fed. Appx. 117, 122 (Fed. Cir. Apr. 14, 2006) ........................15

7

*Aventis Pharma S.A. v.Amphastar Pharms, Inc.,*

8

    475 F.Supp.2d 970, 973, 994 (C.D. Cal. 2007)...............................4, 13, 15, 21

9

*Aventis Pharma S.A. v.Amphastar Pharms, Inc.,*

10

    525 F.3d 1334, 1349 (Fed. Cir. 2008) ........................................4, 12

11

*Beckman Instruments, Inc. v. LKB Produkter AB,*

12

    892 F.2d 1547 (Fed. Cir. 1989) .....................................................11

13

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,*

14

    402 U.S. 313 (1971).......................................................................14

15

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.,*

16

    267 F.3d 1370 (Fed. Cir. 2001) .....................................................11

17

*Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.,*

18

    394 F.3d 1348 (Fed. Cir. 2005) .................................................13, 20

19

*Cal. Med. Ass'n v. Shalala,*

20

    207 F.3d 575 (9th Cir. 2000) .........................................................16

21

*Gen. Electro Music Corp. v. Samick Music Corp.,*

22

    19 F.3d 1405 (Fed. Cir. 1994) .......................................................14

23

*Lee v. City of Los Angeles,*

24

    250 F.3d 668 (9th Cir. 2001) ...........................................................4

25

*Mathis v. Spears,*

26

    857 F.2d 749 (Fed. Cir. 1988) .......................................................10

27

28

*Merck & Co. v. Danbury Pharmacal, Inc.,*
    873 F.32d 1418 (Fed. Cir. 1989) ................................................................13
*Perricone v. Medicis Pharm. Corp.,*
    432 F.3d 1368 (Fed. Cir. 2005) ................................................................11
*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.,*
    182 F.3d 1356 (Fed. Cir. 1999) ................................................................11
*Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed. Cir. 2003) ....1, 10,
    11, 19
*Praxair, Inc. v. ATMI, Inc.,*
    543 F.3d 1306 (Fed. Cir. 2008) ................................................................19
*Robi v. Five Platters, Inc.,*
    838 F.2d 318 (9th Cir. 1988) ................................................................21
*Tidewater Patent Dev. Co. v. K.M. Kitchen,*
    371 F.2d 1004 (4th Cir. 1966) ................................................................14

**Statutes**

21 U.S.C. § 355(j)(4)(B)(iii)................................................................22
21 U.S.C. § 355(j)(5)(B)(iii)................................................................21, 22
21 U.S.C. § 355(j)(5)(B)(iv)................................................................22
35 U.S.C. § 271(e)(2)(A)................................................................18
35 U.S.C. § 285................................................................ 1, 10, 13, 17, 24

**Rules**

Fed. R. Civ. P. 41 (a)(1)(i)................................................................5
Fed. R. Civ. P. 54 ................................................................1, 24
Fed. R. Civ. P. 54 (b)................................................................4, 17

LEGAL02/31348408v2

## I.  **INTRODUCTION**

The *Sandoz 2006 Injection* case, Case Nos. 06-4858 and 06-2558, and the *Sandoz 2007 Vial* case, Case No. 07-03658, present an exceptional case pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54 because Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. (collectively, Aventis) filed these suits for patent infringement after having obtained its patents through inequitable conduct before the United States Patent and Trademark Office ("USPTO").  Aventis's inequitable conduct alone is sufficient to warrant a finding that these cases are "exceptional" and award attorney fees under 35 U.S.C. § 285.

However, this case is exceptional even among exceptional cases; Aventis's misconduct went above and beyond filing suit based on unenforceable patents.  Aventis filed Case Nos. 06-4858 and 06-2558 *after* the Federal Circuit had held that it had made material omissions during prosecution of the patents in suit.  In Case No. 07-03658, Aventis filed its Complaint *after* this Court had entered a final decision holding the patents in suit unenforceable.  It is fundamental that one cannot enforce an unenforceable patent.  Nonetheless, Aventis filed and maintained these suits against Sandoz.  In addition, an exceptional case finding is warranted because Aventis engaged in conduct that unnecessarily multiplied the proceedings when it filed and served identical complaints in this Court and the United States District Court for the District of New Jersey and then pursued both actions for over 130 days. Each separate type of conduct alone forms an independent basis for finding this case exceptional and awarding attorney fees. *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1245 (Fed. Cir. 2003).  When considered together, Aventis's conduct demonstrates that this case is unquestionably exceptional.

Accordingly, Sandoz respectfully requests that this Court find the case exceptional and award Sandoz its reasonable attorney fees and non-taxable costs pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54.  A proposed order and judgment are submitted herewith.

LEGAL02/31348408v2

## II.   BACKGROUND & STATUS OF LITIGATIONS

The Court has had pending before it several cases in which Aventis sought to enforce  U.S. Patent Nos. 5,389,618 ("the '618 patent") and RE 38,743 ("the RE '743 patent") (collectively, "the patents in suit") against the filers of ANDAs for Aventis's enoxaparin drug formulations marketed by Aventis under the brand name Lovenox®.  These cases involve different products, dosages, and defendants.  These cases are collectively referred to herein as the *Aventis Enoxaparin* cases.

### A.   The *Amphastar* Case

In *Aventis v. Amphastar, et al.*, Consolidated Cases: No. CV-03-00887 (Lead Case) and No. CV-04-00333 and United States Court of Appeals for the Federal Circuit Nos. 2005-1513, 2005-1539, 2007-1280 (collectively, *Amphastar*), Aventis asserted the '618 and RE '743 patents against the Amphastar and Teva products relating to enoxaparin injections.

### B.   The *Sandoz 2006 Injection* Case

In *Aventis v. Sandoz,* Consolidated Case Nos. CV 06-4858 (Lead Case) and CV 07-02558, Aventis asserted the '618 and RE '743 patents against Sandoz's ANDA No. 77-857 for injections of enoxaparin (collectively, *Sandoz 2006 Injection* case).[1]

Amphastar and/or Teva held the 180-day exclusivity period for the forms and dosages of enoxaparin at issue in the *Amphastar* and *Sandoz 2006 Injection* case. Thus, approval of Sandoz's ANDA 77-857 was subject to both the 30-month stay and the expiration of the 180-day exclusivity period of others.  Amphastar and/or Teva's 180-day exclusivity periods have now expired without either Amphastar or Teva marketing the product.

---

[1]    The dosages at issue in the *Sandoz 2006 Injection* case range from 30 mg/0.3 ml to 150 mg/ml. (*See, e.g.*, Ex. 1, Cal. Compl., ¶ 9) ("Upon information and belief, Sandoz filed with the FDA in Rockville, Maryland, Abbreviated New Drug Application ('ANDA') 77-857 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of enoxaparin sodium in the following dosage forms: 30 mg/0.3 ml, 40 mg/0.4 ml, 60 mg/0.6 ml, 80 mg/0.8 ml, 100 mg/ml, 120 mg/0.8 ml, and 150 mg/ml.")

1    **C.    The *Sandoz 2007 Vial* Case**

2              In the *Aventis v. Sandoz*, Case No. 07-03658, Aventis attempted to

3    resurrect the '618 and RE '743 patents and assert them against Sandoz's ANDA 78-

4    660 for enoxaparin sodium injectable vials, 300 mg/3 ml (the Vial product).  The case,

5    which is also referred to herein as the *Sandoz 2007 Vial* case, involved different

6    ANDAs, and different forms and dosages of enoxaparin from those at issue in the

7    *Amphastar* and *Sandoz 2006 Injection* case.[2]

8              Sandoz holds the 180-day exclusivity period for ANDA 78-660 for the

9    Sandoz Vial product.  Thus, during the course of this litigation, the only statutory

10   impediment to Sandoz obtaining FDA approval for ANDA 78-660 was the 30-month

11   stay implemented by Aventis's filing and maintaining its suit.

12             The Court sua sponte closed the *Sandoz 2007 Vial* case before the issue

13   of the Federal Circuit's mandate (Ex. 20) and prior to Sandoz having the opportunity

14   to separately move for fees in the *Sandoz 2007 Vial* case.  Although the *Sandoz 2007*

15   *Vial* case and the *Sandoz 2006 Injection* case were not formally consolidated, the

16   Court and the parties have treated them in concert.  Sandoz therefore seeks its attorney

17   fees and non-taxable costs in defending the *Sandoz 2007 Vial* case in this motion.  In

18   the alternative, to the extent deemed necessary, Sandoz respectfully requests that the

19   *Sandoz 2007 Vial* case be reopened for the limited purpose of entering this motion and

20   the opposition papers in the case.

21   **III.    PROCEDURAL HISTORY OF *AVENTIS ENOXAPARIN* CASES**

22   **A.    The *Amphastar* Case**

23             On February 8, 2007, after pre-trial motions, a five day bench trial and

24   post trial briefing, this Court entered its Memorandum of Decision finding that the

25   '618 and RE '743 patents were "unenforceable by virtue of inequitable conduct before

26

27   [2] The injections and the vials, because they are in different forms and at different
     dosages are viewed as separate and different drug products for the purposes of
28   obtaining FDA approval.  Thus, different ANDAs—78-660 for the Vial and 78-857
     for the injections—were filed for these different drug products.

the U.S. PTO." *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 475 F. Supp. 2d 970, 994 (C.D. Cal. 2007).[3]   On March 13, 2007, this Court then entered a final judgment pursuant to its Memorandum of Decision, finding that "the claims of the '618 patent and the RE '743 patent are unenforceable on the grounds of inequitable conduct . . . ." (Ex. 2, *Amphastar* Judgment Pursuant to Fed. R. Civ. P. 54(b) (dated March 8, 2007, entered March 13, 2007))

On May 14, 2008, the United States Court of Appeals for the Federal Circuit affirmed this Court's judgment of inequitable conduct. *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008).   Aventis's petition for rehearing en banc was denied on September 25, 2008, and the Federal Circuit's mandate issued on October 2, 2008.   The Supreme Court denied Aventis's petition for certiorari in *Amphastar* on April 27, 2009.

## B.   *The Sandoz 2006 Injection* Case

On August 4, 2006, Aventis filed a Complaint in the United States District Court for the District of New Jersey (Ex. 3, N.J. Compl.)   The same day, Aventis re-filed the counts of the New Jersey Complaint in the Central District of California.[4]   On August 9, 2006, Sandoz was served with the New Jersey Complaint (Ex. 4, N.J. Return of Service)   Two weeks later, on August 23, 2006, Sandoz was served with the California complaint. (Ex. 5, Cal. Proof of Service)

On September 22, 2006, counsel for Sandoz spoke with counsel for Aventis regarding: the impropriety of Aventis's conduct in bringing and maintaining two identical lawsuits; Sandoz's belief that the more appropriate and convenient forum was New Jersey; and, Sandoz's intent to have the California action stricken as

---

[3]   The proceedings in the *Amphastar* case and the *Sandoz Injection* case, including this Court's inequitable conduct decision and judgment in the *Amphastar* case, are part of the public record and are readily verifiable by the Court.   Thus, they are not attached hereto and the Court may take judicial notice of them. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

[4]   The two complaints were *ipsissimis verbis*, but for paragraphs 3 – 6 & 7 that relate to venue. (*Compare* Ex. 1 *with* Ex. 3)

redundant or, in the alternative, transferred to New Jersey. (Ex. 6, Belvis Decl. in Supp. of Mot. to Strike or Transfer)  In those discussions Aventis represented that it did not intend to pursue both cases.  As of those discussions, Sandoz had yet to file its answer or counterclaims in the New Jersey case. Thus, at that point in the proceedings, Aventis could have dismissed that case, as a matter of right, without prejudice. *See* Fed. R. Civ. P. 41 (a)(1)(i).  Aventis, however, refused to dismiss the New Jersey case, choosing instead to pursue both its New Jersey and California actions – and to make Sandoz defend both.

Left with no choice, on September 29, 2006, Sandoz filed an answer and counterclaims to the complaint filed in the New Jersey case. (Ex. 7, Sandoz New Jersey Answer and Counterclaims) On October 23, 2006, Aventis filed a reply to Sandoz's counterclaims. (Ex. 8, Aventis N.J. Reply)  On October 2, 2006, Sandoz filed its motion to strike this action as redundant or, in the alternative, to have the case transferred to New Jersey.  On November 13, 2006, this Court held a hearing on Sandoz's motion.   At the hearing, the Court noted the impropriety of Aventis's conduct in bringing and maintaining two suits. (Ex. 9, Nov. 13, 2006, Cal. Hr'g Tr., at p. 7, lines 16-21)  Aventis responded to these charges, in part, by making the unqualified promise that, if the Court kept the case in California, it would dismiss the New Jersey action. Specifically, the following representation was made:

> Page 5
>
> MR. SOKAL: Your Honor, Aventis made it clear to Sandoz that we don't intend to prosecute two different suits.  They are identical.
>
> THE COURT: That is good news.
>
> ****
>
> Pages 7-8
>
> THE COURT: But I am inclined, very inclined to keep this and only on the basis of judicial economy.  I have no

LEGAL02/31348408v2

1   hesitancy about telling you that I will go right along with it
2   no matter what is decided in the Amphastar case. I'll just go
3   very rapidly.
4   MR. SOKAL: Well, Your Honor, Aventis agrees with that
5   position because we feel that the same judge should be
6   deciding virtually identical issues.
7   THE COURT: Well, I don't know whether the same judge
8   should, **but I do know that you shouldn't have duplicate**
9   **litigations here, in another state, and I know I won't**
10  **have that.** I mean, either I'll go or the other judge will, and
11  eventually we'll work this out. I don't see why this hasn't
12  been worked out now. I don't.
13  MR. SOKAL: Well, Your Honor, as I said, **if you keep this**
14  **case,** if you don't dismiss, strike the pleadings as being
15  redundant or you don't transfer it, **then we will move to**
16  **dismiss the case in New Jersey.** There will be only one
17  case.

18  (*Id.* (emphases added)) In the end, the New Jersey action was transferred to California
19  and consolidated with Case No. 06-4858 as the *Sandoz 2006 Injection* case.

20       On October 4, 2007, this Court stayed the *Sandoz 2006 Injection* case
21  until March 17, 2008. Upon expiration, the initial stay was continued until July 17,
22  2008. In July 2008, the Court entered another order continuing the stay until
23  September 8, 2008. However, the stay was lifted on August 14, 2008 and plaintiffs
24  were ordered to file oppositions to pending motions. On August 28, 2008, the Court
25  granted summary judgment that the patents in suit were unenforceable based on the
26  collateral estoppel effect of *Amphastar*. Aventis appealed to the Federal Circuit,
27  which dismissed the appeal on May 20, 2009. During the pendency of the appeal, the
28  remainder of the case was stayed pursuant to the Court's orders granting summary

6

1  judgment.

2       **C.    The *Sandoz 2007 Vial* Case**

3            On June 6, 2007, Aventis filed a complaint in this Court seeking to

4  enforce its unenforceable patents against Sandoz's ANDA 78-660. (Ex. 10)   This

5  complaint was served on Sandoz on June 7, 2007.  In response, Sandoz filed a motion

6  seeking to dismiss the complaint under Rules 12(b)(6) and (b)(1).

7            Rather than opposing Sandoz's motion to dismiss, Aventis sought a stay

8  of the proceedings.  To support its request for a stay and to excuse its attempt to

9  enforce its unenforceable patents, Aventis promised that if Sandoz got tentative

10  approval and the unenforceability judgment was still in place, Aventis would waive

11  the 30-month stay.  In Aventis's words – "the thirty-month stay will not prevent

12  Sandoz from marketing its generic drug *for a single day*." (Ex. 11, Aventis July 30,

13  2007 Opp., p. 11, lns. 15-17 (emphasis added))

14            On August 20, 2007 the Court held a hearing on Sandoz's motion to

15  dismiss.  At that hearing, Aventis again represented to the Court that Aventis would

16  stipulate to an order providing for the unqualified and immediate termination of the

17  30-month stay if Sandoz obtained tentative approval from the FDA and this Court's

18  inequitable conduct judgment was in place – "As far as I'm concerned, the Court can

19  enter an order.  Aventis will stipulate to an order that if they receive FDA approval

20  [be]for[e] the Federal Circuit rules then the 30-month stay is terminated and *that will*

21  *take care of it*." (Mr. Sokal, Ex. 12, Aug. 20, 2007 Hr'g Tr., p. 9, lns. 5-8 (emphasis

22  added))

23            At the August 20th hearing, the Court advised Aventis that Aventis's

24  June 6, 2007 Complaint was improper and should never have been brought.   The

25  Court, however, relying upon Aventis's promise to end the 30-month stay upon

26  tentative approval as a basis for avoid harming to either party, indicated that the case

27  would be stayed and ordered that Aventis prepare a stipulated order to that effect:

28            THE COURT:  Now, whatever [Sandoz] think[s] about it,

1   the – Mr. Sokal has made a proposal to [Sandoz] and
2   **certainly I agree with [Sandoz] that it looks, on the face**
3   **of it, as if [Aventis] should not have come in to protect**
4   **their right,** but they have a position, too.  I'm just trying to
5   look at both of you.  (*Id.*, p. 7, lns. 20-24 (emphasis added))

                        \* \* \* \*

7   THE COURT:  I know that.  But I want to be fair to Sandoz,
8   and so I think the thing to do is to have [Aventis] stipulate to
9   all those terms, and [Sandoz] can let the FDA know that
10  that's the case.
11  **I am prepared to do whatever [Sandoz] want[s] if it's**
12  **real, if this urgency is real.**  Otherwise, I think that we
13  should be letting the appellate court – let Aventis have the
14  right to go to an appellate court.
15  MR.  SOKAL:   **Well, we're prepared to enter that**
16  **stipulation, Your Honor.**
17  (*Id.*, p. 15, lns. 14-23 (emphasis added))

                        \* \* \* \*

19  THE COURT:  . . .  I'm taking it under submission pending
20  you're giving them a stipulation.  (*Id.*, p. 18, lns. 16-17)

                        \* \* \* \*

22  THE COURT:  Now, Mr. Sokal, that's your problem.  You
23  will solve it, won't you?
24  MR. SOKAL: Yes
25  (*Id.*, p. 19, lns. 14-16)
26       Aventis, however, ignored these instructions and rulings from the Court,
27  refused to honor its promises to Sandoz and the Court, and instead launched into a
28  litany of post hearing filings with the Court.

8

On August 29, 2007, Aventis filed a Notice of Amended Complaint (Ex. 13) and also filed its Amended Complaint in the *Sandoz 2007 Vial* case (Ex. 14). These papers were served by regular mail only and were filed without providing any advanced notice to Sandoz or having any discussion with Sandoz.

On September 7, 2007, over Sandoz's objection and again without having any discussion with Sandoz, Aventis stopped negotiating the terms of the stipulation to stay and filed a Notice of Inability to Agree (Ex. 15, Belvis-Sokal Sept. 7th & 8th email string; Ex. 16, Aventis Notice of Inability to Agree (exhibits omitted))  In this paper Aventis confirmed that it would **not** honor its promise to the Court and to Sandoz that Aventis would stipulate to an order providing for the unqualified and immediate termination of the 30-month stay if Sandoz obtained tentative approval from the FDA and this Court's inequitable conduct judgment was in place.

On September 10, 2007, again without conferring with Sandoz, Aventis filed a "Proposed Order." (Ex. 17)  Aventis's Proposed Order similarly breached its promise that Aventis would agree to an unqualified and immediate termination of the 30-month stay upon FDA tentative approval.

On September 11, 2007, Sandoz filed a paper in response to Aventis's Notice of Inability to Agree and Proposed Order.  On September 12th, the Court held a telephonic hearing to address the issues raised by these papers.  At this hearing Aventis again refused to honor its promise to end the 30-month stay upon tentative approval.  Consequently, the Court indicated that the case would be stayed for 6 months, that either party could obtain a status conference with the Court if needed and that if Sandoz obtained tentative approval the Court would be inclined to dismiss all of Aventis's infringement counts against Sandoz's generic enoxaparin. (Ex. 18, Sept. 12, 2007 Telephonic Hr'g Tr., pp. 7, 12-13)  The Court then ordered Sandoz to prepare an order to this effect. (Ex. 19, Sept. 12, 2007 Minute Order)

At this hearing Sandoz also advised the Court of Sandoz's need to file a Rule 12(b) motion to dismiss and of its intention to serve a second Rule 11 motion on

9

1    Aventis.  The Court indicated that Sandoz could take both actions before the stay was
2    put into effect.  (*See* Ex. 18, pp. 8, 14-15)

3           Accordingly, Sandoz filed a Rule 12(b) motion to dismiss Aventis's
4    Amended Complaint.  On the face of the Complaint, Aventis admitted that its asserted
5    patents were unenforceable.  As such, Aventis's Amended Complaint was frivolous.
6    It is fundamental and beyond rational debate that a patentee should not seek to enforce
7    an unenforceable patent, and that there exists no jurisdictional basis to do so.

8           Just as in the *Sandoz 2006 Injection* case, the *Sandoz 2007 Vial* case was
9    subject to a series of continued stays beginning on October 4, 2007.  On August 28,
10   2008, the Court granted summary judgment that the patents in suit were unenforceable
11   based on the collateral estoppel effect of *Amphastar*.  Aventis appealed to the Federal
12   Circuit where the *Sandoz 2007 Vial* case was consolidated with the *Sandoz 2006*
13   *Injection* case, and maintained that appeal even after the Federal Circuit affirmed this
14   Court's finding of inequitable conduct in *Amphastar*.  On May 20, 2009, the Federal
15   Circuit dismissed the appeal (Ex. 20, Fed. Cir. Mandate).  On May 15, 2009, five days
16   prior to the Federal Circuit's dismissal of the consolidated appeal, this Court held that
17   because Sandoz had filed a motion to dismiss which was in effect granted by the
18   August 28, 2008 grant of summary judgment, there was no operative complaint and
19   closed the case.

20   **IV.   ARGUMENT**

21         **A.   Legal Standard**

22         Under 35 U.S.C. § 285, this Court "may award reasonable attorney fees to the
23   prevailing party" in an "exceptional case."  35 U.S.C. § 285.  The Court may also
24   appropriately award the prevailing party its non-taxable costs under section 285.
25   *Mathis v. Spears*, 857 F.2d 749, 757-58 (Fed. Cir. 1988). A prevailing party may
26   demonstrate that a case is "exceptional" with a showing of: "inequitable conduct
27   before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith
28   litigation; a frivolous suit or willful infringement."  *Phonometrics, Inc. v. Westin*

*Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003) (quotation marks and citation omitted); *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). This predicate conduct must be demonstrated by clear and convincing evidence. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

Once a case is found exceptional by clear and convincing evidence, the court must exercise its discretion to determine whether fees are appropriate. *See Phonometrics*, 350 F.3d at 1246. Factors that the court may consider in determining whether to exercise that discretion include "the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to the imposition of punitive sanctions or to fair allocation of the burdens of litigation." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380-81 (Fed. Cir. 2005).

**B.    Sandoz is a "Prevailing Party" under Section 285**

Sandoz is indisputably the "prevailing party" in this litigation and therefore meets this threshold requirement of section 285. Aventis charged Sandoz with infringing its RE '743 patent and sought injunctive relief. (Ex. 1, Cal. Compl.; Exs. 10, 14, Complaint *Sandoz* 2007 *Vial* case) Aventis failed to obtain its desired relief; the Court granted summary judgment in favor of Sandoz and the Federal Circuit dismissed Aventis's appeal. (Ex. 20, Fed. Cir. Mandate) Moreover, Aventis's RE '743 patent has been held unenforceable. Thus, Sandoz is the "prevailing party."

**C.    Aventis's Inequitable Conduct Before the USPTO Makes This Case Exceptional**

This case is "exceptional" pursuant to section 285 because the patents in suit were obtained through inequitable conduct before the USPTO. *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999). This Court previously held the patents in suit unenforceable because they were obtained through inequitable conduct before the USPTO and the Federal Circuit has affirmed that

11

holding. *Amphastar*, 525 F.3d at 1349. The factual findings that provided a basis for the inequitable conduct judgment included that:

1.  Aventis obtained and lost its monopoly position for Lovenox® in the European market for enoxaparin, because Aventis's European Patent 40,144 (Mardiguian EP '144) was revoked by the European Patent Office. *Amphastar*, 475 F. Supp. 2d at 973.

2.  Aventis had substantial pressure to obtain a patent monopoly position in the United States for Lovenox®. *Id.*

3.  Aventis and Dr. Uzan, on behalf of Aventis, in their representations to the Patent Examiner, omitted highly material information regarding the dosages used in Aventis's and Dr. Uzan's half-life comparisons between the claimed invention and the prior art. *Id.* at 974, 989, 993.

4.  Aventis's and Dr. Uzan's justifications for the omissions in their half-life comparisons that were made to the Patent Examiner were "implausible" and "unreasonable." *Id.* at 978, 984, 992.

5.  Aventis's and Dr. Uzan's diligent omissions of the highly material dosages used in their half-life comparisons to the Patent Examiner were done intentionally to deceive the Patent Examiner. *Id.* at 992.

6.  Aventis's and Dr. Uzan's omissions of the highly material dosages used in their half-life comparisons to the Patent Examiner were essential to overcoming the USPTO's objections to patentability, and but for those omissions, the probability is high that the '618 patent would not have issued. *Id.*

7.  Dr. Uzan's explanation for his omission of the highly material information to the Patent Examiner was not credible – Dr. Uzan's explanation suffered from "a total absence of indicia of credibility." *Id.* at 991, 993.

LEGAL02/31348408v2

8.  There was no statistically significant difference between the half lives of the claimed Debrie '618 product and the prior art Mardiguian EP '144 when comparing the same dose (60 mg).  *Id.* at 974, 986.

9.  There was no statistically significant difference between the half lives of the claimed Debrie '618 product at 20 mg and 80 mg versus the prior art Mardiguian EP '144 at 60 mg.  *Id.* at 986.

10.  Dr. Uzan knowingly compared the half-lives of the claimed Debrie '618 product and the prior art Mardiguian EP '144 at different doses.  *Id.* at 990.

Based on the foregoing, this Court held that clear and convincing evidence demonstrated that Dr. Uzan intentionally deceived the USPTO with his "repeated omissions" during prosecution of the patents in suit.  *Id.* at 994.  This Court reasoned that the omissions made during prosecution were "too egregious, too obvious, and too consistently committed over too long a period of time" to be anything but intentional. *Id.* at 992.  The Federal Circuit affirmed.  525 F.3d at 1349.

Aventis's suits for infringement of patents that were obtained through inequitable conduct warrant a finding that this case is "exceptional" pursuant to 35 U.S.C. § 285.  Indeed, the Federal Circuit has repeatedly affirmed awards of attorney fees against the patentee when the patent was obtained through inequitable conduct. *AGFA Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1380 (Fed. Cir. 2006) (affirming attorney fees award based on inequitable conduct); *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs., Ltd.*, 394 F.3d 1348, 1355 (Fed. Cir. 2005) (affirming attorney fee award because inequitable conduct is "one of several bases sufficient to make a case exceptional"); *Merck & Co. v. Danbury Pharmacal, Inc.*, 873 F.32d 1418, 1420 n.2 (Fed. Cir. 1989) (affirming attorney fees award based on inequitable conduct). The omissions that formed the basis of the inequitable conduct committed before the USPTO in this case were "repeated" and "egregious." *Amphastar*, 475 F. Supp. 2d at

13

1   990, 994. This is precisely the type of conduct that warrants a finding of an

2   exceptional case and an award of attorney fees.[5]

3       **D.    Aventis's Aggressive Strategy of Filing and Maintaining These Law**

4           **Suits After Findings of Inequitable Conduct Is Exceptional**

5       Aventis's conduct in filing and maintaining the *Sandoz 2006 Injection*

6   case and the *Sandoz 2007 Vial* case presents an exceptional case because Aventis

7   continued to pursue these actions despite the unenforceability of its patents. Aventis

8   has previously alleged that it was justified in filing and pursuing these actions based

9   on its "right" to a 30-month stay. However, a party without an unenforceable patent

10  has no such right.

11      Aventis's deliberate decision to file and maintain these suits for

12  infringement of its unenforceable patents warrants a finding that this case is

13  exceptional. Indeed, Aventis knowingly filed the *Sandoz 2007 Vial* case despite the

14  well-established law under *Blonder-Tongue Laboratories, Inc. v. University of Illinois*

15  *Foundation*, 402 U.S. 313, 332-33 (1971) that a patentee is collaterally estopped from

16  re-litigating a patent held unenforceable in prior litigation. *Gen. Electro Music Corp.*

17  *v. Samick Music Corp.*, 19 F.3d 1405, 1413 (Fed. Cir. 1994) ("The principle of

18  *Blonder-Tongue* . . . respecting collateral estoppel also applies to unenforceability.").

19  Moreover, at least one court has awarded attorney fees under section 285 against a

20  patentee that improperly filed suits alleging infringement of patent previously held

21  invalid. *E.g., Tidewater Patent Dev. Co. v. K.M. Kitchen*, 371 F.2d 1004, 1013 (4th

22  Cir. 1966). Aventis – not Sandoz – should bear the costs of Sandoz's efforts to defend

23  suits based on unenforceable patents – particularly when this Court had already held

24  the patents unenforceable at the time one of those suits was filed.

25

26  [5]   Amphastar Pharmaceuticals Inc. and Teva Pharmaceuticals U.S.A., Inc. moved
    for attorney fees under 35 U.S.C. § 285 in *Amphastar*. Apparently recognizing that its
27  inequitable conduct was grounds for an exceptional case finding and attorney fees,
    Aventis stipulated to paying attorney fees and non-taxable costs to Amphastar and
28  Teva in the amount of $4,834,071 and $4,396,986, respectively. (Exs. 21, 22,
    Stipulation & Orders)

                                        14

1.   **Aventis's Continued Pursuit of the *Sandoz 2006 Injection* Case Was Exceptional**

The *Sandoz 2006 Injection* case is exceptional because Aventis continued to attempt to stop generic companies' ability to market enoxaparin sodium by using its unenforceable patents to obtain and maintain 30-month stays.   Indeed, Aventis obtained the 30-month stay against approval of Sandoz's Injection Product by suing Sandoz *after* the Federal Circuit held Aventis withheld "material information" during prosecution of the '618 patent.   (Ex. 1, Cal. Compl.; *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 176 Fed. Appx. 117, 122 (Fed. Cir. Apr. 14, 2006).  Aventis continued to pursue the *Sandoz 2006 Injection* case even after the district court held the patents unenforceable on February 8, 2007 and the Federal Circuit affirmed that decision on May 14, 2008.   *Amphastar*, 475 F. Supp. at 994, *aff'd*, 525 F.3d at 1349.

Even after this Court entered judgment in September 2008, terminating the 30-month stays, and the Federal Circuit mandate issued in *Amphastar* on October 2, 2008, Aventis continued to pursue the *2006 Sandoz Injection* cases through appeals[6] at the Federal Circuit.   Aventis's purported basis for its appeals was the possible restoration of the remaining term of its wrongfully-obtained 30-month stays.  (Ex. 23, Aventis Fed. Cir. Br. at 2, 13, 17-18; Ex. 24, Aventis Fed. Cir. Reply Br. at 3-6) Aventis argued for the restoration of the 30-month stays despite its repeated prior assertions that the 30-month stays, once terminated, cannot be restored.  (*E.g.*, Ex. 25, Aventis Emergency Mot. at 4 ("[E]ven if this Court [Federal Circuit] reverses or vacates the *Amphastar* judgment and then accordingly reverses the *Sandoz* judgment, the 30-month stay *will not be restored*." (emphasis added)); *id.* at 5 ("Aventis needs a

---

[6]   The *Sandoz 2006 Injection* case and *Sandoz 2007 Vial* case were consolidated on appeal.  The Federal Circuit denied Sandoz's motion for fees and costs for filing a frivolous appeal on May 20, 2009.  (Ex. 20, Fed. Cir. Mandate) In a five-line order, the Federal Circuit denied Sandoz's motion for fees and granted Aventis's unopposed motion to dismiss without further explanation.  (*Id.*)  Sandoz does not seek attorney fees for its costs in defending the appeals in this motion.

1    stay of the judgment pending appeal to prevent the *irrevocable loss* of its statutory

2    right to the 30-month stay." (emphasis added)))

3              Aventis continued to argue that the possibility of restoration of its 30-

4    month stays justified its consolidated appeals in March 2009 even though the stay in

5    the *Sandoz 2006 Injection* case would have naturally expired three months earlier on

6    December 26, 2008 even if it had not been previously terminated by this Court's entry

7    of judgment in September 2008. (Ex. 24, Aventis Fed. Cir. Br. at 4 n.3)  Rather than

8    pursuing appeals without justification, Aventis should have relied on Fed. R. Civ. P

9    60(b)(5).  Had the Supreme Court granted certiorari and reversed in *Amphastar*,

10   Aventis's purported right to restore the 30-month stays would have been adequately

11   protected through a motion under Rule 60(b)(5). *See Cal. Med. Ass'n v. Shalala*, 207

12   F.3d 575, 577 (9th Cir. 2000) (holding that a party properly relied on Rule 60(b)(5)

13   rather than appeal a fee award when the party's only quarrel with the fee award was a

14   separate, underlying merits decision).

15             Aventis had no basis for continuing to pursue the *Sandoz 2006 Injection*

16   case after the judgment of unenforceability on February 8, 2007, even less grounds for

17   its continued maintenance of these suits after this Court's September 2008 judgments

18   irrevocably terminated the 30-month stays, and most definitely no basis after the 30-

19   month stay's natural expiration date on December 26, 2008.   Despite its increasingly

20   baseless position, Aventis nonetheless continued to pursue these cases at the expense

21   of Sandoz.

22          **2.    Aventis Improperly Filed the *Sandoz 2007 Vial* Case *After* Its**

23              **Patents Were Held Unenforceable**

24             The *Sandoz 2007 Vial* case is exceptional because it should never have

25   been filed.  Aventis obtained a 30-month stay in the *Sandoz 2007 Vial* case by filing

26   suit against Sandoz *after* the this Court entered its final judgment of unenforceability

27   based on inequitable conduct on March 13, 2007. (Ex. 10); 475 F. Supp. 2d at 972.

28   Aventis's August 29, 2007 Amended Complaint was filed and maintained in blatant

16

disregard of this Court's inequitable conduct ruling in the *Amphastar* case, Sandoz's August 15, 2007 Rule 11 motion, and this Court's August 20, 2007 admonition that Aventis should not have filed this suit.

Aventis's Amended Complaint, on its face, plead that Aventis's patents were unenforceable because of inequitable conduct – "this Court entered a judgment under Fed. R. Civ. P. 54 (b) that all claims of the '618 Patent and the RE '743 Patent are unenforceable because of inequitable conduct during prosecution of the '618 patent." (Ex. 14, ¶ 9)  As such, Aventis's Amended Complaint on its face failed to state a claim upon which relief could be granted and was objectively baseless.

It is beyond dispute that a patentee cannot enforce an unenforceable patent.  In fact, Aventis admitted that it "does not dispute that collateral estoppel would apply to dismiss this case." *(See* Ex. 11, Aventis July 30, 2007 Opp., p. 5, ln. 12)  Moreover, Aventis made this admission prior to filing its Amended Complaint in the *Sandoz 2007 Vial* case.  Accordingly, Aventis's Amended Complaint on its face, and based upon its own admission, was objectively and subjectively baseless, and as such, was frivolous and warrants attorney fees under 35 U.S.C. § 285.

### 3.   Aventis's False Assertions in the *Sandoz 2007 Vial* Case Warrant a Finding of an Exceptional Case

Both Aventis's June 6, 2007 Complaint and its August 29, 2007 Amended Complaint in the *Sandoz 2007 Vial* case contained numerous false assertions which warrant a finding of an exceptional case.

On August 15, 2007, Sandoz served a Rule 11 motion on Aventis because Aventis was pursuing the *Sandoz 2007 Vial* case for infringement of the RE '743 patent against Sandoz despite the fact that "[n]o reasonable litigant would file a new patent law suit seeking to enforce a patent *after* a final judgment was entered holding that patent unenforceable for inequitable conduct." (Ex. 26, Sandoz Rule 11 Mot. at 1)  The motion also identified numerous false, misleading, or baseless assertions in Aventis's June 6, 2007 Complaint.  (*Id.* at 7-12)  Rather than

withdrawing its Complaint, Aventis instead filed an Amended Complaint that contained many of the same assertions, including:

- In Paragraph 7 of the Amended Complaint Aventis asserted that – "U.S. Patent No. 5,389,618 ('the '618 patent'), . . . *was lawfully issued* to inventor Roger Debrie." ( Ex. 14 (emphasis added))

- In Paragraph 8 of the Amended Complaint Aventis asserted that – "U.S. Reissue Patent No. RE 38,743 ("the RE '743 patent"), . . . *was lawfully issued* to inventor Roger Debrie." (*Id.* (emphasis added))

- In Paragraph 8 of the Amended Complaint Aventis asserts that – ". . . a claim of infringement of the RE '743 patent *could reasonably be asserted* if a person not licensed by the owner engaged in the manufacture, use, or sale of that drug product." (*Id.* (emphasis added))

- In Paragraph 11 of the Amended Complaint in the *Sandoz 2007 Vial* case, Aventis asserts that "the drug Sandoz seeks FDA approval for in ANDA 78-660, its method of use, and/or its method of production *would infringe the RE '743 Patent"* (*Id.* (emphasis added))

- In Paragraph 13 of the Amended Complaint Aventis asserted that "Sandoz's submission of ANDA 78-660 . . . *constitutes infringement* of the RE '743 patent under 35 U.S.C. § 271(e)(2)(A)." (*Id.* (emphasis added))

- In the Prayer for Relief section of the Amended Complaint Aventis requests a 5 year injunction against infringement of its unenforceable patent. (*Id.*)

18

1            Aventis had no objective basis for making the foregoing assertions, each

2 of which either falsely states that its patents are enforceable or that they are infringed.

3 However, Aventis knew at the time it filed its Amended Complaint in the *Sandoz*

4 *2007 Vial* case that its patents had already been held unenforceable.  Aventis had no

5 objective basis to claim that its patents were "lawfully issued."  Far from having a

6 patent that "could reasonably be asserted" it was objectively unreasonable of Aventis

7 to attempt to enforce its unenforeceable patent.  Likewise, Aventis's allegations of

8 infringement and requests for injunctive relief for that infringement are objectively, as

9 well as subjectively, baseless because there is no dispute that at the time Aventis filed

10 the Amended Complaint, the asserted RE '743 patent could not be infringed because it

11 had already been held unenforceable.  (Ex. 11, Aventis July 30, 2007 Opp. p. 5, ln. 12

12 ("Aventis does not dispute that collateral estoppel would apply to dismiss this

13 case.")); *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1322 n.12 (Fed. Cir. 2008)

14 (holding that a patent held unenforceable, should also be held not infringed).

15        **E.**     **Aventis Vexatiously Multiplied Proceedings By Filing and**

16                  **Maintaining Two Identical Suits**

17            There is no dispute that Aventis filed, served and maintained essentially

18 identical complaints in New Jersey and California, resulting in admittedly identical

19 lawsuits in both forums.  Aventis maintained and prosecuted both actions for over 130

20 days, even after acknowledging that they were redundant. This required Sandoz to

21 engage local counsel, file appearances, seek pro hac vice admissions, and prepare and

22 submit an Answer and Counterclaims in both forums.   In addition, Aventis's

23 duplicative law suits necessitated motion practice in both forums and a hearing before

24 this Court on November 11, 2006.   Through its deliberate maintenance of

25 unnecessary, identical suits before two courts, Aventis created a procedural quagmire

26 before both courts at the expense of Sandoz and the courts' resources.  Aventis's

27 vexatious conduct multiplied the proceedings and may form the basis for a finding of

28 an exceptional case. *See Phonometrics, Inc.*, 350 F.3d at 1246.

1    Aventis's argument in defense of its decision to file two identical actions
2    is flawed.  Aventis claimed that it only filed and maintained duplicate litigations in
3    California and New Jersey for several months "out of an abundance of caution in case
4    Sandoz contested *in personam* jurisdiction in California." *(e.g.*, Ex. 27, Aventis Mem.
5    in Supp. of its Mot. to Dismiss Without Prejudice, at pp. 1,4) Aventis's excuse was
6    contradicted by its own allegations. In Aventis's own words, Sandoz is a large generic
7    drug manufacturer, conducting its business through "continuous and systematic
8    business contacts" in both California and New Jersey. (Ex. 1, Cal. Compl. at 3 & 5;
9    Ex. 3, N.J. Compl. at 3 & 6)

10                  Moreover, before this Court, Aventis repeatedly asserted that:
11                  both Aventis and Sandoz are national companies and
12                  regularly conduct business in California
13                  * * * *
14                  Sandoz distributes generic products throughout the United
15                  States, including California
16                  * * * *
17                  Sandoz is a Colorado corporation with a national presence,
18                      and Sandoz sells and distributes generic drugs in California.
19    (Ex. 28, Aventis October 16, 2006 Cal. Mem. in Opp., at pp. 3,4 &9)

20                  The preceding sentences are Aventis's unqualified statements.  These
21    statements are irreconcilable with its excuse for filing two identical actions.  In light
22    of the same, Aventis's conduct in filing multiple suits was improper.

23          **F.     The Court Should Exercise Its Discretion To Award Reasonable Fees**

24                  The Court should exercise its discretion to award reasonable attorney fees
25    and non-taxable costs to Sandoz in this case given the fact that Aventis's patents were
26    obtained through bad faith conduct during prosecution before the USPTO. *See Bruno*,
27    394 F.3d at 1355 (affirming award of attorney fees based on inequitable conduct).
28    Moreover, Aventis's conduct in bringing and then maintaining these suits warrants

LEGAL02/31348408v2

1   attorney fees because this Court held Aventis's patents in suit unenforceable early on

2   in the *Sandoz 2006 Injection* case and before Aventis even filed its initial Complaint

3   in  the *Sandoz 2007 Vial* case.  Under *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327

4   (9th Cir. 1988), this Court's entry of final judgment in the *Amphastar* case in March

5   2007 had a binding collateral estoppel effect on Aventis.   Nonetheless, Aventis

6   continued to pursue these suits against Sandoz in order to preserve its alleged "right"

7   to 30-month stays.  Having been allowed to preserve that purported "right" and then

8   appeal with the hopes of preserving its ability to restore that "right" (even after

9   admitting its "right" could not be restored). Aventis should bear Sandoz's reasonable

10  attorney fees incurred in defending these actions.

11          Moreover, Aventis engaged in additional conduct that warrants an award

12  of attorney fees, including using these lawsuits as a tool to perpetuate its ill-gotten

13  monopoly at the expense of Sandoz and the public, retracting its promise that it would

14  unequivocally terminate the 30-month stay if Sandoz obtained tentative FDA approval

15  during the course of the litigation, and making misrepresentations to the FDA about

16  the enforceability of its patents.

17              **1.    The Filing and Pendency of Aventis's Complaints Posed**

18                     **Substantial Harm to Sandoz and the Public**

19          As this Court determined in the *Amphastar* case, Aventis was under

20  substantial pressure to obtain and maintain a patent monopoly position in the United

21  States for its enoxaparin drug formulations marketed under the name Lovenox®,

22  giving rise to Aventis's motivation to deceive the USPTO. *Amphastar*, 475 F. Supp.

23  2d at 973.  It appears these pressures to maintain this monopoly came to bear again,

24  with Aventis's filing of its duplicative complaints in the *Sandoz 2006 Injection* case

25  and its frivolous Complaint and Amended Complaint in the *Sandoz 2007 Vial* case.

26          Under the Hatch-Waxman Act, the filing of a complaint for patent

27  infringement results in an automatic 30-month stay for any FDA approval for the

28  ANDA, which is the subject of the infringement complaint.   21  U.S.C.  §

355(j)(5)(B)(iii).  In the present case, Sandoz's ANDA 78-660, which is for the Vial product, is the first ANDA for this drug product.

Being the first ANDA filer for this drug product provides Sandoz with the 180-day generic exclusivity period for this product.  Since there is only one 180-day exclusivity period for this drug product, no other generic company can delay Sandoz's entry into the market.  *See* 21 U.S.C. § 355(j)(5)(B)(iv).

Thus, by improperly implementing the 30-month stay of FDA approval, Aventis attempted to forestall Sandoz from entering the market at the earliest possible date and from enjoying this 180-day generic exclusivity period to which Sandoz is entitled as the first ANDA filer. Thus, this lawsuit posed a potential harm to both Sandoz and the public because of its potential to extend Aventis's monopoly by 30-months.

There can be no dispute that Aventis's filing of its law suits was intended to extend for an additional 30-months a monopoly based on its unenforceable patents. In fact, the day after it filed the Complaint in the *Sandoz 2007 Vial* case, Aventis sent a notice to the FDA, in which Aventis expressly "request[ed] that the approval of Sandoz's ANDA shall not be made effective until at least the expiration of the thirty-month period as provided by 21 U.S.C. § 355(j)(4)(B)(iii) . . . ."  (Ex. 29, June 7, 2007 Aventis to FDA letter)  Aventis failed to mention to the FDA that the patents upon which it based its request for the 30-month stay of FDA generic approval were unenforceable.  Moreover, although Aventis later admitted in its Amended Complaint in the *Sandoz 2007 Vial* case that its patents are at present unenforceable, it never informed the FDA of this established fact during the pendency of these suits.

## 2.   Aventis's Promises to Terminate the 30-Month Stay During Pendency of Aventis's Cases Proved to be Illusory

Aventis attempted to circumvent its improper conduct in obtaining the 30-month injunction by promising that, if Sandoz needed it, Aventis would not rely upon its 30-month stay and would help Sandoz quickly enter the market, *e.g.*, "the

22

1    thirty-month stay will not prevent Sandoz from marketing its generic drug for a single
2    day." (*see* Ex. 11, July 30, 2007 Aventis Opp., p. 11, lns. 15-17)   As Aventis's
3    statements before this Court made clear, this promise was illusory; Aventis repeatedly
4    refused to honor it. (*see e.g.*, Exs. 12 & 16)

5                    **3.    Moreover, Aventis Never Made this Promise to the FDA.**

6                    In fact, it made contradictory false and misleading statements to the FDA
7    to obtain the 30-month stay in the first place (*see* Ex. 29)   Moreover, Sandoz had no
8    certainty that when it obtained FDA approval: (i) Aventis would voluntarily and fully
9    honor its promise, (ii) how long it would take Sandoz to force Aventis to fully honor
10   that promise, and (iii) if and when Aventis's fully honored that promise, how long it
11   would take the FDA to lift the 30-month stay.   During the resolution of that
12   uncertainty, Sandoz feared it would be kept off the market by Aventis's 30-month
13   stay.   Thus, Aventis's promise more likely than not would have resulted in delay,
14   increased cost, and a further extension of Aventis's ill-gotten monopoly, which is
15   based entirely upon an unenforceable patent.

16   **V.   SANDOZ'S FAIR ESTIMATE OF ITS REASONABLE ATTORNEY**
17   **FEES AND NON-TAXABLE COSTS IN DEFENDING AVENTIS'S**
18   **MULTIPLE SUITS**

19                   Sandoz respectfully requests its reasonable attorney fees in defending
20   Aventis's three actions before the district court.  Sandoz has examined its invoices and
21   estimates that its total fees and non-taxable costs to date for defending the *Sandoz*
22   *2006 Injection* case, including Case Nos. 06-4858 and 06-2558, is $570,000.   With
23   regard to the *Sandoz 2007 Vial* case, Case No. 07-03658, Sandoz's total attorney fees
24   and non-taxable costs are approximately $330,000.   In addition, Sandoz respectfully
25   requests it attorney fees and non-taxable costs in preparing and filing this motion.
26   Sandoz will submit a detailed accounting of its fees and costs when the Court grants
27   its motion.

28

LEGAL02/31348408v2

## VI.   **CONCLUSION**

Accordingly, Sandoz requests that this Court grant its motion to declare this case exceptional and award attorney fees and nontaxable costs for the *Sandoz 2006 Injection* case and the *Sandoz 2007 Vial* case pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54.

DATED:  June 5, 2009

LOUIS A. KARASIK
NICOLE C. RIVAS
**ALSTON & BIRD, LLP**

GLEN P. BELVIS
MEREDITH MARTIN ADDY
KELLY EBERSPECHER
**BRINKS, HOFER, GILSON & LIONE**


_____
/s/
Nicole C. Rivas
Attorneys for Defendant SANDOZ INC.

LEGAL02/31348408v2