LOUIS A. KARASIK (State Bar No. 100672)
lkarasik@alston.com
NICOLE C. RIVAS (State Bar No. 179337)
nrivas@alston.com
**ALSTON & BIRD, LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile:  (213) 576-1100

GLEN P. BELVIS (Admitted *Pro Hac Vice*)
gbelvis@brinkshofer.com
MEREDITH MARTIN ADDY (Admitted *Pro Hac Vice*)
maddy@brinkshofer.com
KELLY EBERSPECHER (Admitted *Pro Hac Vice*)
keberspecher@brinkshofer.com
**BRINKS, HOFER, GILSON & LIONE**
455 North Cityfront Plaza
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

Attorneys for Defendant
SANDOZ INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVENTIS PHARMA S.A. and AVENTIS PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | Case No.: CV 06-4858, 07-2558 MRP (PLAx) <br><br> **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE ORDER DENYING SANDOZ'S MOTION FOR DETERMINATION OF EXCEPTIONAL CASE AND AWARD OF ATTORNEY FEES AND NONTAXABLE COSTS** <br><br> **[Fed. R. Civ. P. 59(e)]** <br><br> Date:  August 17, 2009 <br> Time:  10 a.m. <br> Ctrm:  12 <br><br> Honorable Mariana R. Pfaelzer <br><br> Filing Date:  August 4, 2006 <br> Trial Date:  None Set <br> Discovery Cut-off: None Set <br> Motion Cut-off:  None Set |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................... 1

II.     RECONSIDERATION IS APPROPRIATE ............................................ 2

III.    THE COURT LEGALLY ERRED IN NOT FINDING THESE
        CASES EXCEPTIONAL ........................................................................ 2

        A.      Consideration of Sandoz's Rather Than Aventis's Conduct
                In The Exceptional Case Determination Is Legal Error ............ 2

        B.      That Sandoz Obtained Judgment Based On Collateral
                Estoppel Supports An Exceptional Case Finding ...................... 4

        C.      Aventis's Excuses For Filing And Maintaining These Suits
                Are Legally Baseless ................................................................. 5

IV.     Aventis's Allegations Of Misconduct Are Baseless And Do Not
        Detract From An Exceptional Case Finding .......................................... 7

V.      CONCLUSION ...................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*,
  827 F. Supp. 957 (S.D.N.Y. 1993) ...................................................................7

*Aventis Pharma S.A. v. Amphastar Pharms., Inc.*,
  475 F. Supp. 2d 970 (C.D. Cal. 2007) ............................................................1

*Aventis Pharma S.A. v. Amphastar Pharms., Inc.*,
  525 F.3d 1334 (Fed. Cir. 2008) .....................................................................1

*Forest Labs., Inc. v. Abbott Labs.*,
  339 F.3d 1324 (Fed. Cir. 2003) .....................................................................2

*Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*,
  52 F.3d 1033 (9th Cir. 2009) ........................................................................5

*Mach. Corp. of Am. v. Gullfiber AB*,
  774 F.2d 467 (Fed. Cir. 1985) ......................................................................3

*Mathis v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988) ......................................................................3

*Motorola, Inc. v. Interdigital Tech. Corp.*,
  121 F.3d 1461 (Fed. Cir. 1997) .....................................................................3

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
  182 F.3d 1356 (Fed. Cir. 1999) .....................................................................4

*Phonometrics, Inc. v. Westin Hotel Co.*,
  350 F.3d 1242 (Fed. Cir. 2003) .....................................................................2

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
  378 F.3d 1396 (Fed. Cir. 2004) .....................................................................3

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996) ......................................................................3

LEGAL02/31422908v1

*Tompkins v. Butterfield*,

   25 F. 556 (C.C. Mass. 1885)...............................................................7

**Statutes**

35 U.S.C. § 102(b)..............................................................................5

35 U.S.C. § 285...........................................................................1, 2, 4, 9

35 U.S.C. § 292..................................................................................7

**Rules**

21 C.F.R. § 314.105(d) .......................................................................6

Fed. R. Civ. P. 54...............................................................................9

## I.    <u>INTRODUCTION</u>

On July 10, 2009, the Court denied Sandoz's Motion for a Determination of an Exceptional Case and Award of Attorney Fees and Non-Taxable Costs in case nos. 06-4858, 07-2558 and 07-3658.   Notably, the Court denied Sandoz's motion nearly one week before Sandoz's reply was due.   The Court's Order reasons that "while other parties litigated the merits of Aventis' patent enforceability. [sic] Sandoz rode those parties' coattails and received a judgment on grounds of collateral estoppel." (Ex. 1, Order at 1)  The Court then declined to find the cases "exceptional" under 35 U.S.C. § 285 because "Sandoz has not met its burden to show that <u>this</u> case was exceptional . . . ." (*Id.* at 2 (emphasis in original))

Although courts may consider a number of factors in determining whether a case is "exceptional," the ease of the prevailing party's victory is not one of them.  However, on its face, the Court's order indicates that a principal consideration in denying Sandoz's motion for a determination of an exceptional case was Sandoz's ability to rely on *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 475 F. Supp. 2d 970 (C.D. Cal. 2007) and *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 525 F.3d 1334 (Fed. Cir. 2008) (collectively, *Amphastar*) for a judgment of collateral estoppel against Aventis rather than having to incur the burdens of re-litigating the unenforceability of Aventis's patents.  This relative ease of victory should not have weighed against Sandoz in the exceptional case determination.

The Court's Order creates a double standard for branded pharmaceuticals in Hatch-Waxman litigation.   Aventis's conduct in filing and maintaining patent infringement law suits after a judgment of unenforceability against its patents would support an exceptional case finding in any other case.  However, the Court's decision essentially holds that the 30-month stay justifies actions by a branded pharmaceutical company that would not be permissible for any other plaintiff.  The Hatch-Waxman Act does not create such an exception.  Therefore, Sandoz respectfully requests that the Court reconsider its Order denying attorney fees and non-taxable costs.

## II.     RECONSIDERATION IS APPROPRIATE

Local Rule 7-18 allows reconsideration on grounds of "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision . . . ." This motion for reconsideration is appropriate under Local Rule 7-18 because the Court's bases for denying Sandoz's motion were first presented in Aventis's opposition and Sandoz has not previously had an opportunity to respond.

## III.    THE COURT LEGALLY ERRED IN NOT FINDING THESE CASES EXCEPTIONAL

### A.     Consideration of Sandoz's Rather Than Aventis's Conduct In The Exceptional Case Determination Is Legal Error

Under section 35 U.S.C. § 285, the court "in an exceptional cases may award reasonable attorney fees to the prevailing party." In determining whether a case meets the threshold requirement of exceptionality the Court may consider the following: "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *See Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003). Notably, the relative litigation burden suffered by the prevailing party – in this case, Sandoz – is not a factor that has been recognized by the Federal Circuit in assessing exceptionality. Sandoz submits that it was an error of law for the Court to rely on Sandoz's relatively light litigation burden in finding this case not exceptional. *See Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (holding that reliance on an improper basis in making a decision on whether a case is "exceptional" pursuant to 35 U.S.C. § 285 constitutes legal error).

In its opposition to Sandoz's motion for a determination of an exceptional case, Aventis incorrectly attempted to make Sandoz's litigation burden a factor by arguing that Sandoz did not suffer "gross injustice" because *Amphastar*

2

1  controlled the outcome of the case and thus reduced Sandoz's costs in litigating the

2  issues.  (Ex. 2, Aventis Opp. at 6-7 (citing *Mathis v. Spears*, 857 F.2d 749 (Fed. Cir.

3  1988)))  However, Aventis's position is contradicted by Federal Circuit precedent.

4  Specifically, the Federal Circuit has held that the legislative history of section 285

5  "mentions prevention of 'a gross injustice'" and that "[s]uch injustice certainly

6  includes situations where a patentee has litigated in bad faith, *or committed fraud or*

7  *inequitable conduct during prosecution . . . ."  Mach. Corp. of Am. v. Gullfiber AB*,

8  774 F.2d 467, 472 (Fed. Cir. 1985) (emphasis added).  Thus, Aventis's pursuit of

9  patent litigations against Sandoz based on patents obtained through inequitable

10  conduct comprises "gross injustice."  Nothing more was required for an "exceptional

11  case." *See id.*  Indeed, Aventis did not cite any legal authority to support its argument

12  to the contrary.

13      In the handful of decisions in which the Federal Circuit has considered

14  the prevailing party's conduct in conjunction with section 285, the court has

15  considered only litigation *misconduct*. *See Power Mosfet Techs., L.L.C. v. Siemens*

16  *AG*, 378 F.3d 1396, 1415 (Fed. Cir. 2004) (weighing "widespread misconduct");

17  *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1468 (Fed. Cir. 1997)

18  (noting "litigation misconduct" may be considered); *Sensonics, Inc. v. Aerosonic*

19  *Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996) (noting court may consider whether

20  "litigation actions of both sides" exceeded "reasonable litigation tactics").  In contrast,

21  the Court here did not base its decision on any purported litigation misconduct by

22  Sandoz, but rather on the fact that Sandoz prevailed without having to incur all of the

23  costs of re-litigating the unenforceability of Aventis's patents.[1]  However, there is no

24  basis in statute or Federal Circuit precedent for finding a case not exceptional based

25  on how much work was required for the prevailing party to prevail.

26

27  _____

    [1]  Aventis made numerous allegations of misconduct against Sandoz in its

28  opposition.  (Ex. 2, Aventis Opp. at 22-26)  Although baseless, Sandoz nonetheless
    addresses Aventis's allegations at the end of this memorandum. *See infra* Section IV,
    at 7.

**B.** **That Sandoz Obtained Judgment Based On Collateral Estoppel Supports An Exceptional Case Finding**

The Court's decision indicates that the denial of Sandoz's motion was influenced by the fact that Sandoz obtained judgment on grounds of collateral estoppel rather than by re-litigating the issue of inequitable conduct.  (Ex. 1, Order at 1)  However, the only relevant authority indicates that an exceptional case determination may be warranted when the prevailing party successfully relies on collateral estoppel for an inequitable conduct judgment.  *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359-60 (Fed. Cir. 1999).  Aventis attempted to distinguish *Pharmacia* by pointing out that the case "did not hold that resisting a judgment of collateral estoppel necessarily warrants an award of attorney's fees." (Ex. 2, Aventis Opp. at 6)  However, *Pharmacia* supports an exceptional case finding when judgment is based on the collateral estoppel effect of an inequitable conduct decision rendered in a prior case involving a different defendant. 182 F.3d at 1358-60.

In *Pharmacia*, the plaintiff alleged patent infringement against a first defendant in the District of Puerto Rico and a second defendant in the Northern District of West Virginia.  182 F.3d at 1357-58.  The Puerto Rico jury returned a verdict that the patent was unenforceable due to inequitable conduct, which then prompted the West Virginia court to grant summary judgment of unenforceability based on collateral estoppel.  *Id.* at 1358.  However, the West Virginia court denied the defendant's motion for attorney fees.  *Id.*  On appeal, the Federal Circuit vacated the denial of fees and held that "a judgment of inequitable conduct [that] has already been made . . . . must be considered in ascertaining whether a case is exceptional under 35 U.S.C. § 285."  *Id.* at 1360.  Notably, that the West Virginia case was decided on collateral estoppel – and thus that the prevailing party did not have to incur all of the costs of re-litigating the inequitable conduct issue – made no difference to the Federal Circuit.  Thus, an inequitable conduct judgment is relevant and *must* be considered in an exceptional case determination even when the judgment in the case at

4

1 | hand is based on collateral estoppel.

2 |         Aventis's heavy reliance on *Kaiser Foundation Health Plan, Inc. v.*
3 | *Abbott Laboratories, Inc.*, 552 F.3d 1033 (9th Cir. 2009) in its opposition was
4 | misplaced because both the facts and the issues in *Kaiser* are wildly different from the
5 | present case.  (Ex. 2, Aventis Opp. at 13-17)  First, unlike this case, the patent in
6 | *Kaiser* had been held invalid as anticipated under 35 U.S.C. § 102(b); *Kaiser* did not
7 | involve patent litigation suits based on patents held unenforceable due to inequitable
8 | conduct.  *See* 552 F.3d at 1041.  Second, the *Kaiser* court was evaluating whether the
9 | patentee had brought a sham litigation in violation of the antitrust laws, not attorney
10 | fees under section 285.  *Id.* at 1044.  Thus, Aventis's reliance on *Kaiser* improperly
11 | blurs the antitrust issues currently pending in the *Amphastar* appeal with the
12 | exceptional case standard.   These are distinct issues and the Court's decision here
13 | should have no effect on the antitrust issues.

14 |      **C.**    <u>**Aventis's Excuses For Filing And Maintaining These Suits Are**</u>
15 |               <u>**Legally Baseless**</u>

16 |         The Court's Order notes that Aventis filed and aggressively pursued
17 | these cases to preserve Aventis's "rights" under the patent laws and the Hatch-
18 | Waxman Act should Aventis have prevailed on appeal in *Amphastar*.  (Ex. 1, Order at
19 | 1)  However, Aventis's claim that it needed to protect its "right" to the thirty-month
20 | stay does not negate an "exceptional case[ ]" finding.  The Hatch-Waxman Act does
21 | not exempt bad faith litigation just because it was pursued in order to obtain a thirty-
22 | month stay.  Indeed, Aventis cited no case in it opposition in which a court determined
23 | that a case was not exceptional just because it was pursued in order to obtain and
24 | maintain a 30-month stay.

25 |         Likewise, Aventis's claim in its opposition that it "did everything
26 | possible to avoid unfair prejudice to [Sandoz]" was false and cannot justify these suits.
27 | (Ex. 2, Aventis Opp. at 6)  Aventis did no such thing.  Instead of seeking to minimize
28 | costs and harm to Sandoz, Aventis repeatedly took actions during this litigation to the

LEGAL02/31422908v1

1   opposite effect.   Each action was purportedly a precaution to preserve Aventis's

2   "rights."  (*See* Ex. 3, Sandoz Mem. at 14-20 (discussing Aventis's aggressive actions

3   including (1) filing and maintaining law suits after judgment of inequitable conduct;

4   (2) making false and misleading statements in a Complaint; and (3) filing and

5   maintaining identical actions in two courts for over 130 days))  However, the need for

6   such precautions was tenuous at best given Aventis's unenforceable patents and only

7   increased the harm and costs to Sandoz.

8          In particular, Aventis refused to honor its promise that it would "stipulate

9   to an order that if [Sandoz] receive[s] FDA approval [be]for[e] the Federal Circuit

10  rules then the 30-month stay is terminated and that will take care of it."  (Sandoz Ex.

11  4, Aug. 20, 2007 Hr'g Tr., p. 9, lns. 5-8)  Aventis claimed in its opposition that its

12  proposed stipulation was consistent with this promise. (Ex. 2, Aventis Opp. at 21)  To

13  the Contrary, Aventis's stipulation included an additional qualifying limitation.

14  Specifically, Aventis would only lift the stay if "nothing else is preventing Sandoz

15  from marketing the product that is the subject of its ANDA . . . ."  (Ex. 5, Aventis

16  Proposed Order at 2)  Sandoz recognized that this would effectively allow Aventis to

17  weasel out of lifting the stay immediately even if Sandoz obtained tentative approval.

18  When Sandoz refused to agree to this additional limitation, Aventis filed a litany of

19  motions that increased Sandoz's expense.

20          Aventis  incorrectly  attempted  to  justify  adding  this  limitation  by

21  hypothesizing that there might have been "a court order" or "some other FDA

22  requirement" preventing Sandoz from marketing its product even after Sandoz

23  obtained tentative approval.   (Ex. 2, Aventis Opp. at 22)   However, a tentative

24  approval is issued by the FDA when an ANDA meets all other requirements for

25  approval except that it has a delayed effective date, i.e., is subject to a 30-month stay

26  or 180-day exclusivity period. 21 C.F.R. § 314.105(d).  Thus, Aventis's hypothetical

27  court order or "other FDA requirement" are not grounded in reality; indeed, Aventis

28  points to no authority showing that such scenarios occur.  Instead, the real effect of

6

1    Aventis's limitation would have been to put the burden on Sandoz to show that

2    "nothing else" was barring it from coming to market before the stay could be lifted,

3    which would result in a delay in lifting the stay.  In effect, Aventis would not agree to

4    a stipulation unless it included language that effectively rendered its promise to

5    immediately lift the 30-month stay illusory.

6    **IV.    <u>Aventis's Allegations Of Misconduct Are Baseless And Do Not Detract</u>

7    <u>From An Exceptional Case Finding</u>**

8            In order to defer attention from itself, Aventis made serious allegations of

9    "litigation misconduct" in its opposition brief.  However, the alleged "misconduct" is

10   nothing of the sort and thus cannot serve as a basis for denying Sandoz's motion for a

11   determination of an exceptional case.

12           Aventis incorrectly claims that Sandoz took legal positions "without

13   basis" with regard to its false marking counterclaims and seeking dismissal of the

14   New Jersey action.  (Ex. 2, Aventis Opp. at 23, 25)  Aventis cites no controlling

15   authority or ANDA cases to support its claim that Sandoz's false marking claim is

16   unsound.  (*Id.* at 23 (relying on a New York decision involving invoices for jewelry,

17   *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F. Supp. 957, 965, 968

18   (S.D.N.Y. 1993)))  Indeed, whether an improper Orange Book listing comprises false

19   marking under 35 U.S.C. § 292 would have been an issue of first impression for the

20   Court.  With regard to Aventis's other attacks on Sandoz's false marking claims, case

21   law exists that supports Sandoz's position thus creating a viable "basis."  *E.g.*,

22   *Tompkins v. Butterfield*, 25 F. 556, 560-61 (C.C. Mass. 1885) (calculating damages

23   based on each marked article being an "offense").  Likewise, Aventis oversteps in

24   arguing that Sandoz lacked "any basis" for seeking dismissal with prejudice in New

25   Jersey given that those bases were set out in Sandoz's motion to dismiss.  (Ex. 6,

26   Sandoz Br. at 13)  Although the New Jersey court disagreed with Sandoz, this does

27   not mean that Sandoz lacked any basis for its claims.

28

Aventis also improperly claims that Sandoz committed "misconduct" by not following proper procedure.  First, Aventis's claim that Sandoz's motion for fees is untimely is disingenuous considering that Aventis agreed in advance to the briefing schedule for the motion.  (Ex. 7, Prosed Order; Ex. 2, Aventis Opp. at 24)  Second, Aventis incorrectly claims that Sandoz committed misconduct by not filing a separate motion to reopen the *Sandoz 2007 Vial* case.  (Ex. 2, Aventis Opp. at 24)  Sandoz did nothing improper in pointing out the issues relating to the *Sandoz 2007 Vial* case and leaving it to the Court to decide whether reopening the case was necessary.  Third, Aventis claims that Sandoz committed misconduct by making its submissions in the October 31, 2008 Joint Submission Regarding Case Scheduling and filing an answer and counterclaims in the *Sandoz 2007 Vial* case.  (*Id.* at 24)  However, the Court's minutes instructed "the parties to file a proposed scheduling conference, their intentions and counterclaims on which the[y] want to proceed on or before October 31, 2008," which is just what Sandoz did.  (Ex. 8, Minutes)

Aventis's accusations also include claims that Sandoz made various false or improper arguments.  First, Aventis goes as far as to accuse Sandoz of "clear violation of the First Amendment" by drafting "self-serving and improper provisions" for a proposed order.  (Ex. 2, Aventis Opp. at 26)  However, the provisions Sandoz proposed merely restated the facts of the case.  Aventis's accusations are just empty rhetoric.  Second, despite Sandoz repeatedly clarifying its argument, Aventis again claims that Sandoz's argument regarding forfeiture during the consolidated appeals is false.  (*See, e.g.,* Ex. 9, Sandoz Br. at 31-32)  Aventis may disagree with Sandoz's argument, but making it was not "misconduct."

## V.   CONCLUSION

For the foregoing reasons, Sandoz respectfully requests that this Court reconsider its Order Denying Sandoz's Motion for Determination of Exceptional Case

LEGAL02/31422908v1

and Award of Attorney Fees and Nontaxable Costs and declare this case exceptional and award attorney fees and nontaxable costs for the *Sandoz 2006 Injection* case and the *Sandoz 2007 Vial* case pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54.

Respectfully Submitted,

DATED:  July 24, 2009          LOUIS A. KARASIK
                               NICOLE C. RIVAS
                               **ALSTON & BIRD LLP**

                               GLEN P. BELVIS
                               MEREDITH MARTIN ADDY
                               KELLY EBERSPECHER
                               **BRINKS, HOFER, GILSON & LIONE**


                                          /s/
                               _____
                                       Nicole C. Rivas
                               Attorneys for Defendant SANDOZ INC.

LEGAL02/31422908v1